IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

_____
                )
OMNIPLEX WORLD SERVICES CORPORATION )
14840 Conference Center Drive      )
Chantilly, Virginia 20151        )
                )
   Plaintiff         )
                )  Case No. _____
   v.            )
                )
ALPHA PROTECTIVE SERVICES, INC.   )
1701 Colonial Drive         )
Thomasville, Georgia  31757      )
                )
   Defendant        )
_____)

## COMPLAINT

Plaintiff OMNIPLEX WORLD SERVICES CORPORATION ("OMNIPLEX"), by and through its attorneys Ellis & Winters LLP and Thompson Coburn LLP, for its Complaint against ALPHA PROTECTIVE SERVICES, INC. ("APS") states as follows:

## THE PARTIES

1. OMNIPLEX is, and was at all times hereinafter mentioned, a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in the Commonwealth of Virginia at 14840 conference Center Drive, Chantilly, Virginia.

2. APS is, and was at all times hereinafter mentioned, a corporation organized under the laws of the State of Georgia with its principal place of business in the State of Georgia at 1701 Colonial Drive, Thomasville, Georgia.

5072037.1         - 1 -

**JURISDICTION AND VENUE**

3. This court has jurisdiction pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a). Defendant APS resides in this district, and this district is a proper venue pursuant to Section 16 of the Subcontract between OMNIPLEX and APS identified and described below.

**GENERAL ALLEGATIONS**

5. APS is party to a contract with the United States Army, Contract No. W91247-08-C-0006, to provide certain armed security guard services at Ft. Bragg in Fayetteville, North Carolina (the "Prime Contract").

6. OMNIPLEX and APS are parties to that certain Subcontract Agreement entered into as of June 6, 2008 (the "Subcontract"), pursuant to which OMNIPLEX provides certain armed security guards to APS in order for APS to fulfill, in part, its obligations to the Army at Ft. Bragg pursuant to the Prime Contract. A true and correct copy of the Subcontract, without Attachments A through D, is Exhibit 1 to this Complaint and is incorporated herein by reference.

7. Pursuant to the Subcontract, OMNIPLEX invoices APS (the "OMNIPLEX Invoices") on a monthly basis for the services that OMNIPLEX furnished APS pursuant to the Subcontract in the billing period reflected in the invoices.

8. On information and belief, APS submits the OMNIPLEX Invoices or requests for payment based on the OMNIPLEX Invoices to the Army, for payment by the Army to APS, of the amounts reflected in the OMNIPLEX Invoices plus a mark-up for APS.

9. The Subcontract requires APS to pay OMNIPLEX for the services and personnel that OMNIPLEX furnished APS pursuant to the Subcontract within three calendar days of the date on

5072037.1

- 2 -

which APS receives payment from the Army or within 45 days of APS's receipt of a correct invoice from OMNIPLEX, whichever occurs earlier.

10. Pursuant to the Subcontract, OMNIPLEX performed services for APS, and OMNIPLEX sent APS OMNIPLEX Invoices for such services, for the monthly periods of July, August, September, October and November 2009, as follows (the "July-November 2009 Invoices"):

| Invoice Number | Invoice Date | Invoice Amount |
| --- | --- | --- |
| 20741 | 7/31/2009 | $293,893.72 |
| 20835 | 8/31/2009 | $293,893.72 |
| 20941 | 9/30/2009 | $293,893.72 |
| 21057 | 10/31/2009 | $293,893.72 |
| 21128 | 11/30/2009 | $293,893.72. |

True and correct copies of the July-November 2009 Invoices are Exhibit 2 to this Complaint and are incorporated herein by reference.

11. In addition, OMNIPLEX performed services for APS, and OMNIPLEX sent APS an OMNIPLEX Invoice for such services, for the monthly period of December 2009, invoice number 21214 dated 12/31/2009 in the amount of $293,893.72. APS has not paid this December 2009 OMNIPLEX Invoice. Also, OMNIPLEX provided services under the Subcontract in January 2010 through 11:00 PM Thursday, January 14 and will be invoicing APS for these services. APS's payment of the December 2009 Invoice, if not made in timely manner, and APS's payment for the January 2010 services for which OMNIPLEX will invoice, if not made in timely manner, will be part of the recovery sought in this Complaint. A true and correct

5072037.1

- 3 -

copy of the December 2009 Invoice is Exhibit 3 to this Complaint and is incorporated herein by reference.

12. APS failed to pay OMNIPLEX the amounts due on the July-December 2009 Invoices.

13. OMNIPLEX made repeated inquiries to APS regarding, and requests to APS for, payment of the July-December 2009 Invoices. APS ignored and/or denied such inquiries and requests.

14. APS refuses to pay the amounts due on the July- November 2009 Invoices.

## COUNT ONE
### (Breach of Contract)

15. OMNIPLEX incorporates by reference and repleads paragraphs 1 through 14 above.

16. APS materially breached, and continues to be in material breach of, the Subcontract.

17. As a direct and proximate result of APS's material breaches of the Subcontract, APS has damaged OMNIPLEX in an amount of no less than $1,763,362.32.

## COUNT TWO
### (Fraud)

18. OMNIPLEX incorporates by reference and repleads paragraphs 1 through 17 above.

19. In the Subcontract, and in the custom and the practice of the parties under the Subcontract through July 2009, APS represented to OMNIPLEX that if OMNIPLEX performed the services as provided in the Subcontract, APS would pay OMNIPLEX as and when provided in the Subcontract.

20. APS's representations, both in the Subcontract and in the course of conduct of the parties, were intentional and were knowingly false.

5072037.1

- 4 -

21. APS made such representations to OMNIPLEX intending to induce OMNIPLEX's reliance on the representations in general and, specifically, to cause OMNIPLEX to perform the services under the Subcontract.

22. OMNIPLEX did rely on APS's representations. Expecting to be paid as and when required under the Subcontract, OMNIPLEX continued to furnish services under the Subcontract and to pay the personnel performing the services under the Subcontract in August, September, October, November and December 2009 and in January 2010.

23. OMNIPLEX's reliance was reasonable and detrimental to OMNIPLEX.

24. As a direct and proximate result of APS's fraud, APS has damaged OMNIPLEX in an amount of no less than $1,763,362.32 and otherwise.

### COUNT THREE
### (Quantum Meruit)

25. OMNIPLEX incorporates by reference and repleads paragraphs 1 through 24 above.

26. OMNIPLEX rendered the services evidenced by the July- November 2009 Invoices.

27. The services evidenced by the July- November 2009 Invoices constitute a benefit that OMNIPLEX conferred on APS.

28. APS was benefited by the services that OMNIPLEX provided.

29. APS requested, accepted and retained the benefit that OMNIPLEX conferred on APS without any accompanying detriment.

30. APS failed, neglected and refused to pay the reasonable value for the services that OMNIPLEX provided, the reasonable value being $1,763,362.32.

31. APS's acceptance and retention of the benefit of the services that OMNIPLEX provided APS without APS's payment would be unjust and inequitable, and APS would be

5072037.1

- 5 -

unjustly enriched in the amount of $1,763,362.32, were APS allowed to retain the benefit that OMNIPLEX conferred on APS.

32. As a direct and proximate result of APS's unjust enrichment, APS has damaged OMNIPLEX in an amount of no less than $1,763,362.32.

## COUNT FOUR
### (Action on Account Stated/Open Account)

33. OMNIPLEX incorporates by reference and repleads paragraphs 1 through 32 above.

34. During the periods reflected on the July- November 2009 Invoices, OMNIPLEX performed the certain services for APS on account as described in the Subcontract.

35. OMNIPLEX provided these services to APS pursuant to APS's request.

36. APS accepted the services that OMNIPLEX provided as reflected on the July- November 2009 Invoices.

37. APS failed to pay for the services that OMNIPLEX provided as reflected on the July- November 2009 Invoices.

38. The reasonable value of the services that OMNIPLEX provided as reflected on the July- November 2009 Invoices is $1,763,362.32, the unpaid balance on the July- November 2009 Invoices.

39. APS did not dispute the services or amounts on the July- November 2009 Invoices.

40. OMNIPLEX made repeated requests and demands for payment.

41. APS failed, refused  and refuses to pay the amounts due and owing on the July- November 2009 Invoices.

42. As a direct and proximate result of APS's failure and refusal to pay, APS has damaged OMNIPLEX in an amount of no less than $1,763,362.32.

WHEREFORE, OMNIPLEX prays for judgment against Alpha as follows:

1. On Count One, for compensatory damages in the amount of $1,763,362.32 or such other amount as OMNIPLEX may prove at trial.

2. On Count Two, for compensatory damages in the amount of $1,763,362.32 or such other amount as OMNIPLEX may prove at trial.

3. On Count Two, for punitive damages in the amount of ten-times the compensatory damages or the maximum amount that may be awarded consistent with law.

4. On Count Three, for compensatory damages in the amount of $1,763,362.32 or such other amount as OMNIPLEX may prove at trial.

5. On Count Four, for compensatory damages in the amount of $1,763,362.32 or such other amount as OMNIPLEX may prove at trial.

6. On all Counts, for costs, attorneys fees, other expenses, prejudgment interest and post-judgment interest.

7. On all Counts, for such other and further relief as is proper.

Dated:  This 22nd day of January, 2010.

Respectfully submitted,

/s/  Matthew T. Strickland_____
Matthew T. Strickland
Georgia State Bar No. 687775
JONES CORK & MILLER LLP
Fifth Floor, SunTrust Bank Bldg.
435 Second Street
P. O. Box 6437
Macon, GA 31201
Telephone:  (478) 745-2821
Fax:  (478) 743-9609
E-mail:  matt.strickland@jonescork.com

5072037.1                                   - 7 -

Case 5:10-cv-00034-CAR    Document 14    Filed 01/22/2010    Page 8 of 8

Harvey A. Levin
THOMPSON COBURN, LLP
1909 K Street, N.W., Suite 600
Washington, DC 20006
Telephone:  (202) 585-6942
Fax:  (202) 508-1013
E-mail:  hlevin@thompsoncoburn.com
Attorneys for OMNIPLEX World Services Corp.

5072037.1

- 8 -