IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **OMNIPLEX WORLD SERVICES, CORPORATION,** : | |
| Plaintiff, : | |
| : | Civil Action No. |
| v. : | 5:10-CV-00034 (CAR) |
| : | |
| **ALPHA PROTECTIVE SERVICES, INC.,** : | |
| Defendant. : | |

## ORDER ON MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM

Currently before the Court is Defendant's Motion for Leave to Amend its Answer and Counterclaim. The present motion was filed shortly after Plaintiff filed a Motion to Dismiss Defendant's Counterclaim for failure to state a claim. Defendant's proposed Amended Answer and Counterclaim [Doc. 32] is thus an attempt by Defendant to cure any alleged deficiencies in its prior pleading. For the reasons set forth below, the Court finds that the amendments to the pleading are not futile or irrelevant and that the new allegations do sufficiently state a counterclaim against Plaintiff for breach of contract. Defendant's Motion for Leave to Amend [Doc. 27] is accordingly **GRANTED**. In light of this ruling, Plaintiff's prior Motion to Dismiss Defendant's Counterclaim [Doc. 15] is **DISMISSED** as moot.

## FACTUAL AND PROCEDURAL HISTORY

This case arises out of an alleged breach of a contract between Plaintiff OMNIPLEX World Services Corporation (herein "OMNIPLEX") and Defendant Alpha Protective Services, Inc. ("APS"). Defendant APS was under contract with the United States Army to provide certain armed security guard services at Ft. Bragg in Fayetteville, N.C. To fulfill this obligation, APS entered into a sub-

contract (herein "the Sub-contract") with OMNIPLEX to staff such positions. Pursuant to the contracts, therefore, the Army would pay APS for the security guards provided by OMNIPLEX and APS would, in turn, pay OMNIPLEX. This simple arrangement apparently worked until July 2009, until which time APS ceased paying OMNIPLEX for the guards provided even though it allegedly submitted monthly invoices to (and was getting paid by) the United States Army. Through the present suit, therefore, OMNIPLEX seeks to recover the funds owed, alleging claims of breach of contract and fraud, among other things, in its Complaint.

APS filed an Answer and Counterclaim in which it admitted that it had not paid OMNIPLEX for certain security services provided but also denied that it had breached the Sub-contract. APS instead alleged that OMNIPLEX was the party who breached the Sub-contract by habitually failing to meet its obligations under the terms of the agreement. APS further asserted a counterclaim on this basis, stating:

**2.**
**Defendant contends that the dispute between Plaintiff/Counterclaim Defendant and Defendant/Counterclaim Plaintiff is subject to arbitration, which is binding on Plaintiff/Counterclaim Defendant and Defendant/Counterclaim Plaintiff. The assertion of this Counterclaim by Defendant/Counterclaim Plaintiff is not intended to be a waiver of the provision in the Subcontract requiring the parties to submit disputes to binding arbitration.**

**3.**
**By its actions, Plaintiff/Counterclaim Defendant has materially breached the terms of the Subcontract.**

**4.**
**As a direct and proximate result of Plaintiff/Counterclaim Defendant's material breach of the terms of the Subcontract, Defendant/Counterclaim Plaintiff shows that it has been damaged in an amount to be shown at a later date.**

(Answer & Counterclaim at 9).

Apparently reading the Counterclaim as an allegation that OMNIPLEX only breached the Sub-contract by failing to arbitrate the current matter, OMNIPLEX filed a Motion to Dismiss the Counterclaim for failure to state a claim. In response, APS conceded that it has failed to allege

sufficient information and facts to support its counterclaim and filed the present Motion for Leave to Amend it Answer and Counterclaim. APS further explained that the Arbitration Clause in the Counterclaim was only referenced as an attempt to preserve any rights that APS may have to compel enforcement of the arbitration clause; it was not intended to support a separate cause of action.

In its proposed Amended Counterclaim, APS now more fully alleges that OMNIPLEX materially breached the terms of the Sub-contract by habitually failing to staff the security positions with personnel having the necessary top secret security clearances as required by the Sub-contract and that, because of this breach, APS ultimately terminated the Sub-contract with OMNIPLEX - after many failed attempts to allow OMNIPLEX to cure its deficiencies in performance. OMNIPLEX has refused to consent to the proposed amended version of the Answer and Counterclaim, and as a result, APS now seeks leave of the Court to amend its pleading under Rule 15(a) of the Federal Rules of Civil Procedure.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) sets forth the procedures for amending pleadings and provides that a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Where, as in this case, a responsive pleading has been served, a party may amend its pleading only by leave of court or by written consent of the opposing party. Id. Generally, when leave to amend is sought, "it shall be freely given when justice so requires." Id. However, factors such as undue delay, undue prejudice to defendants, and futility of the amendment are sufficient to justify denying a motion to amend. Foman v. Davis, 371 U.S. 178, 182 (1952).

Here, OMNIPLEX has refused to consent to amendment of the Answer and Counterclaim and asserts that the proposed amendments are futile and irrelevant. In its brief in opposition to the amendment, Omniplex argues that APS cannot properly state a breach of contract claim based on an

3

alleged breach of the Sub-contract's arbitration clause and that, even if such a claim could stand, the proposed amendments "do not relate to the issue of arbitration in any way." OMNIPLEX seems to miss the crux of the proposed amendment. As discussed above, APS has conceded that it did not sufficiently allege facts to support its breach of contract counterclaim in its initial pleading and clarified that it only mentioned the existence of the Arbitration Clause in an effort to preserve any rights it may have under that clause. It appears, therefore, that the only issue before the Court is whether APS has now set forth, in its proposed amended pleading, sufficient facts to support its breach of contract counterclaim against OMNIPLEX. There is no issue as to whether breach of the arbitration clause supports a counterclaim.[1]

Having reviewed the allegations in the proposed amendment, the Court finds that APS has satisfied the liberal pleading requirements of Rule 8. Under the Federal Rules, a properly plead complaint or counterclaim need only present a short and plain statement of entitlement to relief "that will give the defendant fair notice of what the [] claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957); Fed. R. Civ. P. 8(a)(2). As such, "a [counterclaim] should not be dismissed for failure to state a claim unless it appears beyond doubt that the [counterclaim-plaintiff] can prove no set of facts in support of its claim." Conley, 355 U.S. at 45-46. Moreover, when considering a motion to dismiss, this Court must accept the well-pled facts in the counterclaim as true and construe them in the light most favorable to the counterclaim-plaintiff. See Beck v. Deloitte & Touche et al., 144 F.3d 732, 735 (11th Cir.1998). As the Eleventh Circuit has noted, "the threshold of sufficiency that a [counterclaim] must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir.1995).

---

[1] APS does, however, continue to raise a defense to OMNIPLEX's breach of contract claim based on the presence of an arbitration clause in the Sub-contract, as well as defenses related to APS's claims that the OMNIPLEX "materially breached its obligations under the terms of the Sub-contract, habitually neglected its duties under the Sub-contract, and violated or failed to meet the requirements under the Sub-contract."

4

To properly state a breach of contract claim, a plaintiff (or counterclaim-plaintiff) must allege that there was: "(1) a valid contract; (2) a material breach; and (3) damages." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir.1999). In the proposed Amended Answer and Counterclaim, APS alleges: (1) that certain terms were included in a valid contract between the parties that required OMNIPLEX to ensure that security staff provided by OMNIPLEX maintained top-secret security clearances, (2) that OMNIPLEX habitually violated those terms and conditions, failing to perform as promised and materially breaching the contract, and (3) that APS "has been damaged in an amount to be shown at a later date." These allegations are sufficient to state a claim of breach of contract under the liberal notice pleading requirements of Rule 8; OMNIPLEX now has fair notice of what the counterclaim is and the grounds upon which it rests.

The Court thus finds that the proposed amendment is neither futile nor irrelevant. The Motion for Leave to Amend is **GRANTED** and the proposed Amended Answer and Counterclaim [Doc.32] is deemed filed as of the date of this Order. In light of this Order, the Motion to Dismiss Counterclaim [Doc. 15] is **DISMISSED** as **MOOT**.

**SO ORDERED** this 21st day of September 2010

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr